IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH LAMAR ANGLIN,
    Plaintiff,

vs.                                                          Case No.: 3:20cv2695/TKW/EMT

EDWIN LEAVITT-GRUBERGER,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this civil action by filing a complaint and motion to proceed in forma pauperis (ECF Nos. 1, 2). Upon review of the complaint, it appeared that venue is not proper in the Northern District of Florida. As a result, on February 11, 2020, the court ordered Plaintiff to show cause, within thirty (30) days, why this matter should not be transferred to the United States District Court for the District of New Jersey (ECF No. 4). After two extensions of time, Plaintiff filed a response (ECF No. 11) and amended response (ECF No. 12), setting forth his position as to the appropriateness of venue in this court. Having reviewed Plaintiff's responses, the undersigned finds the matter should be transferred to the United States District Court for the District of New Jersey.

Plaintiff previously filed an action in this court based on the same estate matter that appears to serve as the basis of the complaint in the instant action. That case, Case Number 3:15cv488/MCR/CJK, was transferred to the United States District Court for the District of New Jersey. As the court advised Plaintiff in that matter, pursuant to 28 U.S.C. § 1391, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* "A district court may sua sponte transfer a civil action to any other district where it might have been brought if doing so will be convenient to the parties and witnesses and serve the interest of justice." *Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011).

The actions of which Plaintiff complains took place in New Jersey in connection with the administration of a probate matter pending there. The Defendant is a resident of the state of New Jersey, and the property in dispute presumably is located there. Plaintiff has alleged no action taken in Florida. In

Case No.: 3:20cv2695/TKW/EMT

short, the Northern District of Florida has little relation to this litigation. It thus seems that neither the private interests of the parties and witnesses nor the public interest in the administration of justice will be advanced by venue being maintained in this district. Based on Plaintiff's allegations, it appears venue is proper in New Jersey.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the District of New Jersey.

2. That the clerk of court be directed to close the file.

At Pensacola, Florida, this 1<u>st</u> day of June 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:20cv2695/TKW/EMT